ANDERSON *v.* BUTLER *et al.*

(In Banc. May 24, 1948. Suggestion of Error Overruled September 27, 1948.)

[35 So. (2d) 709. No. 36761.]

Watkins & Eager, of Jackson, **Fred A. Anderson, Jr.**, of Gloster, and **Gordon & Gordon,** of Liberty, for appellant.

**F. D. Hewitt**, of McComb, and **Armstrong & Hoffman**, of Hazlehurst, for appellees.

516

Argued orally by **Elizabeth Hulen and Tom Watkins,** for appellant, and by **John T. Armstrong,** for appellees.

**Roberds, J.,** delivered the opinion of the court.

The question for determination in this case is the quantity of the interest, or right, of appellant Anderson, as between himself and appellees Butler and Neal, in the minerals in and under 20 acres of land located in Amite County, Mississippi, and described by metes and bounds in a deed in the record from Mrs. M. L. Butler to C. E. Butler, dated January 24, 1935. Anderson claims he is the owner of one-half of such minerals; Butler and Neal contend he is vested with title to only a 1/16 undivided interest therein. The Chancellor adopted the contention of Butler and Neal.

Anderson acquired his interest under a deed executed to him by Mrs. M. L. Butler, dated January 24, 1935,

which the reporter will set out in the footnote,[1] except

[1]"Know All Men By These Presents: That Mrs. M. L. Butler of Amite County, Mississippi, for and in consideration of the sum of Ten Dollars ($10.00), receipt of which is hereby acknowledged, has granted, bargained, sold, conveyed and set over, and does by these presents grant, bargain, sell, convey and set over unto F. A. Anderson, Jr. his heirs, successors and assigns all of the following property, estate, right, title and interest therein, to-wit:

"An undivided 1/16 interest in all of the oil, gas, coal and other minerals now, or at any time hereafter, lying in or under the following described tract of land (or any part thereof), situated in the County of Amite, State of Miss., described as follows, to-wit:

"W½ of SW¼ of Section 28 Twp. 4 North Range 2 East, less and except, however, about nine (9) acres, more or less, said 9 acres, being particularly described in a deed from T. H. Butler, to P. W. Butler, said deed bearing date of May 4th, 1907 and recorded in Deed Book #59 at page 46 of the records of deeds of Amite County, Mississippi, reference to which is hereby made for a more particular description, all of said land being in Amite County, Mississippi.

"Also an undivided ½ interest in all my right, title and estate under and by virtue of an oil and gas mining lease, or other mineral lease, now or hereafter existing upon said premises, or any part thereof, including all rents and royalties accrued; and also the perpetual and irrevocable right, privilege and easement of entering upon said lands and searching for, drilling wells, sinking shafts, mining, digging, extracting, taking and carrying away all of the oil, gas, coal and other minerals in or under said lands, or that may be found therein or thereunder; and also the right to possession and use of so much of said premises at all times as may be necessary to the practical carrying out of the purposes and provisions of grant.

"To have and to hold, all the aforegranted estate, property and easement, together with all and singular the rights, privileges and hereditaments thereunder belonging or appertaining, unto the said F. A. Anderson, Jr. his heirs, successors and assigns, in fee simple forever.

"And the said Mrs. M. L. Butler, for herself, her heirs, successors and personal representatives, does hereby covenant and agree to and with said F. A. Anderson, Jr. his heirs, successors and personal representatives, and assigns, that at the delivery of these presents, she is lawfully seized in her own right of an absolute and indefeasible estate of inheritance on fee simple of, in and to all and singular the aforesaid premises and property; that she has good right to sell and convey the same, and warrants the same to be free, clear discharged and unencumbered of and from all former grants, titles, charges,

the description and the acknowledgment. The description in that deed includes the 20 acres in controversy and 53 acres additional. The 53 acres are not involved on this appeal.

It will be noted the deed conveys Anderson "An undivided 1/16 interest . . . " in the minerals in place, and the last paragraph in the deed expressly declares that the purpose of the parties thereto is to convey him that interest. On the face of these two provisions there appears to be no room for doubt as to their meaning. However, appellant says that the clause conveying to him one-half of the rights of Mrs. Butler as lessor in any lease "now or hereafter" existing upon the premises enlarges the 1/16 to a one-half interest in the miner-

judgments, taxes, assessments and encumbrances of whatsoever kind and nature.

And it is further expressly declared that it is the true intent and purpose of this coverance to pass to and vest in the said F. A. Anderson, Jr. an undivided 1/16 interest in all the mineral rights in the land first described herein, or that at any time may be found therein or thereunder, and all grantor's rights to operate for said minerals, and deal and contract with regard thereto, including the leasing thereof, as fully to all intent and purpose as if the said F. A. Anderson, Jr. was the absolute owner of the entire title and estate in said lands.

"In Witness Whereof, she has set her hand this 24 day of January, 1935.
Witnesses:                                               Mrs. M. L. Butler

State of Mississippi, Amite County.

"Personally appeared before me, the undersigned Notary Public in and for said County, in said State, the within named Mrs. M. L. Butler who acknowledged that she signed and delivered the foregoing instrument on the day and year therein mentioned.

"Given under my hand, this the 24th day of January, A. D., 1935.
"(Seal)    My Com. expires Jan. 1st, 1937.

A. McLean,
Notary Public

"Filed for record Jan. 24, 1937.
"Recorded in Oil Lease Book 4, page 78."

als in place. We do not think that result necessarily follows. There may or may not be a lease. If so, it is a temporary arrangement, with reciprocal rights in lessor and lessee. Rents and royalties may or may not be paid. There is no reason why a grantor should not vest in the grantee a different interest in a lease, if there be one, during its operation from that vested in the minerals in place. Indeed, the form of this instrument, styled "Sale of Oil and Gas Realty," appears to contemplate that this be done—at least, that it may be done. Title to minerals in place is a fixed, permanent vested estate; sharing of rents and royalties under a lease is a temporary arrangement effective only during the operative existence of the lease. The parties may make such contract as they wish as to division of rentals and royalties. A lessor might be, and, no doubt, often is, willing for a mineral grantee to receive a larger share of the rents and royalties under a lease than his ownership of minerals in place would entitle him. The lease rights of Anderson did not enlarge his title to minerals in place.

Nor does the right of ingress and egress enlarge the mineral interest. The owner of an undivided interest of the mineral in place, regardless of the quantity of such interest, has, by virtue of such ownership, such rights of ingress and egress as may be necessary to the enjoyment and benefit of his ownership, consistent with the rights of his co-owners.

We see nothing ambigous as to the extent of the interest Anderson acquired under the Butler deed.

However, if it be ambiguous on its face, the parties themselves have given it a practical construction as vesting in Anderson a 1/16 interest in the minerals in place.

Subsequent to its execution, but on the same day, Mrs. M. L. Butler executed a warranty deed to appellee, C. E. Butler, to the 20 acres in controversy, purporting to convey the fee simple title, with only this exception: "Reserving and excepting, however, from the above an

un-divided 1/16 of all oil, gas and other mineral rights theretofore conveyed to F. A. Anderson, Jr.''

Mr. Anderson is a lawyer. He prepared both of these deeds and took the acknowledgment to the C. E. Butler deed. He, of course, knew their contents.

Later C. E. Butler and wife executed two oil and gas leases to Anderson, one in 1936 and the other in 1941, covering the 20 acres in controversy and other lands, which instruments purported to lease the entire owner-ship of the minerals, and under which Anderson, for a time, paid annual rentals.

On January 30, 1946, C. E. Butler executed an oil and gas lease to appellee, Neal, purporting to lease the entire interest in the minerals, the two Anderson leases ap-parently having expired. All of the foregoing instru-ments were duly recorded.

On August 15, 1946, Anderson procured from Mrs. M. L. Butler another oil, gas and mineral conveyance covering the same lands included in her former deed to him. This instrument referred to the former deed and to the C. E. Butler deed and said the former deed was ambiguous and it was the purpose to correct it. C. E. Butler refused to sign that deed. Mrs. M. L. Butler testi-fied she was paid a consideration for executing it. In the meantime, as shown, the lease had been executed to Neal. It is clear from all of this, we think, Anderson and C. E. Butler, in their various dealings, recognized that Anderson owned only a 1/16 of the minerals in place.

Affirmed.